UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL OTIS MCGARY,

    Petitioner,

v.

MARK LINQUIST,

    Respondent.

CASE NO. 3:22-cv-05809-JHC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: April 28, 2023

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner has filed the petition pursuant to 28 U.S.C. § 2254, and an accompanying motion for preliminary injunction.

The undersigned recommends dismissal of this habeas corpus petition for lack of subject matter jurisdiction because petitioner is not "in custody" as required by 28 U.S.C. § 2254(a). The Court also recommends the accompanying motion for preliminary injunction be denied. Because this issue is jurisdictional, the Court does not reach any other argument on the merits.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On October 24, 2022, petitioner Darnell Otis McGary filed a § 2254 petition. Dkt. 1. At the time he filed the petition, petitioner was not incarcerated and was residing in New Mexico. *See id*. He now resides in Portland, Oregon. *See* Dkt. 22. The background relating to the petition is as follows.

In 1988, in Pierce County Superior Court petitioner pleaded guilty under three separate cause numbers to two counts of first-degree rape, two counts of first-degree burglary, one count of second-degree burglary, and one count of indecent liberties by forcible compulsion for sexual offenses committed in 1987 and 1988. *See* Dkt. 19-1 – 19-3. In January 1989, the superior court sentenced petitioner to a total term of imprisonment of 130 months on all counts and cause numbers. *Id*. The court also imposed 12 months of supervision. *Id*.

In April 1998, the week before petitioner's scheduled release from incarceration on the 1989 sentences, Washington State filed a sexually violent predator petition for petitioner's civil commitment under RCW 71.09, on the basis that petitioner's convictions for first-degree rape and indecent liberties by forcible compulsion are sexually violent offenses under RCW 71.09.020. *See* Dkt. 19-4. Petitioner subsequently stipulated to civil commitment as a sexually violent predator under Pierce County Superior Court cause no. 00-2-14060-1. *Id*. His civil commitment continued until September 2016, when the Pierce County Superior Court entered an order dismissing the sexually violent predator petition, and petitioner was unconditionally released from civil commitment. *See* Dkts. 19-5 – 19-7.

After petitioner's underlying criminal convictions and subsequent 12 months of supervision fully expired, and after petitioner was unconditionally released from civil commitment and voluntarily moved to New Mexico, he filed the instant federal habeas petition

under 28 U.S.C. § 2254. Dkt. 1. The petition challenges petitioner's obligation to register as a sex offender. *Id*. Petitioner has also filed a motion seeking a preliminary injunction requiring "Pierce County to immediately stop the County of Bernalillo, in the State of New Mexico" from requiring him to register as a sex offender. Dkt. 5. On March 17 and 28, 2023, respondents filed, and served on petitioner, answers to the petition. Dkts. 17, 19. Petitioner filed a traverse on April 7, 2023. Dkt. 21.

**DISCUSSION**

In order to acquire habeas relief pursuant to § 2254, the petitioner must be "in custody pursuant to the judgement of a State court . . . ." 28 U.S.C. § 2254(a). Failure to show the petitioner is in custody deprives the district court of subject matter jurisdiction. *Maleng v. Cook*, 490 US. 488, 490 (1989). A petitioner is "in custody" when the petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). The Supreme Court has recognized that individuals such as parolees and convicts released on their own recognizance pending sentencing are "in custody" for purposes of habeas corpus. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). Examples of restraint on liberty that satisfy this "in custody" requirement, beyond physical imprisonment, include being: on parole; on probation; sentenced to community service or rehabilitation program; release on personal recognizance pending execution of a prison sentence; an alien seeking entry into the United States; challenging induction into military service. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (conditions of parole order satisfied "in custody" requirement). However, the Ninth Circuit has held that "the Washington sex offender law [which

requires individuals convicted of certain crimes to register as sex offenders] does not place [a petitioner] 'in custody' for purposes of federal habeas corpus." *Williamson*, 151 F.3d at 1184.

Here, petitioner indicates that he lived in New Mexico "for five or six years" since he was released from civil commitment in Washington state. Dkt. 5 at 7. The only restraint petitioner alleges in his petition is sex offender registration. Dkt. 1. Because petitioner has only stated that he is "in custody" because he is a registered sex offender, the Court finds petitioner has not shown he is "in custody" within the meaning of § 2254. Thus, the Court does not have subject matter jurisdiction to make a determination as to this habeas petition on the merits. The Court recommends dismissal of the petition and denial of the accompanying motion for preliminary injunction.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

**CONCLUSION**

For the above stated reasons, the Court recommends the § 2254 petition be dismissed for lack of subject matter jurisdiction. The Court also recommends that the accompanying motion for preliminary injunction be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 28, 2023**, as noted in the caption.

Dated this 10th day of April, 2023.

J. Richard Creatura
United States Magistrate Judge