UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL OTIS MCGARY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MARK LINQUIST,<br><br>　　　　Respondent. | CASE NO. 3:22-cv-05809-JHC<br><br>ORDER |

The Court has reviewed the report and recommendation of Magistrate Judge J. Richard Creatura (Dkt. # 23), objections thereto (Dkt. ## 24, 25 & 26), the remaining record, and the applicable law. The Clerk noted this matter for May 12, 2023, Petitioner has filed timely objections, the deadline to object has passed, and the Court may now rule. *See* Dkt. # 23. Being fully advised, the Court ORDERS as follows:

(1)　The Court adopts the report and recommendation. The objections do not persuade the court that Judge Creatura incorrectly concluded that Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a). Petitioner refers repeatedly to "*Meleng*." Presumably, he is referring to *Maleng v. Cook*, 490 U.S. 488 (1989) (habeas petitioner could challenge state sentences, even though he was not serving them, because he was incarcerated – on federal

ORDER - 1

charges).  But that case does answer the question posed here, which is answered in *Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998) (holding that habeas petitioned who had completed sentence but was required to register as sex offender was not "in custody").  *Williamson* remains good law and binds this Court.

(2) Petitioner's federal habeas petition is dismissed for lack of subject matter jurisdiction.

(3) Petitioner's motion for preliminary injunction is denied.

(4) A certificate of appealability is denied in this case.

(5) The Clerk is directed to send copies of this Order to petitioner and counsel for Respondent, and to Judge Creatura.

Dated this 8th day of May, 2023.

John H. Chun
United States District Judge

ORDER - 2