UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARNELL OTIS MCGARY,<br><br>Petitioner,<br><br>v.<br><br>MARK LINQUIST; ROBERT W FERGUSON,<br><br>Respondents. | CASE NO. 3:22-cv-5809-JHC<br><br>ORDER |

Petitioner, Darnell Otis McGary, filed a petition for Writ of Habeas Corpus under to 28 U.S.C. § 2254, challenging the requirement that he register as a sex offender. Dkt. # 1. The Court adopted the Magistrate Judge's Report and Recommendation (R&R), Dkt. # 23, and dismissed the petition for lack of subject matter jurisdiction, Dkt. # 27. The Court determined that Petitioner was not in "custody" as required under 28 U.S.C. § 2254(a), because the Ninth Circuit has held that "the Washington sex offender law does not place [Petitioner] 'in custody' for purposes of federal habeas corpus." *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998). The Court declined to issue a certificate of appealability. Dkt. # 27.

ORDER - 1

Petitioner appealed and the Ninth Circuit denied Petitioner's request for a certificate of appealability. Dkt. # 33. The Ninth Circuit then denied Petitioner's motion for reconsideration and said: "No further filings will be entered in this closed case." Dkt. # 34.

Petitioner then filed a motion for "Rule 60 Relief" with this Court. Dkt. # 35. The Court denied the motion. Dkt. # 36. Petitioner appealed the Court's denial of the motion. Dkt. # 38. The Ninth Circuit remanded to the Court "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience." Dkt. # 39.

The Court would issue a certificate of appealability of its denial of Petitioner's Rule 60(b) motion if the Petitioner could show "that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying section 2255 motion or section 2254 petition states a valid claim of the denial of a constitutional right." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022), cert. denied, 143 S. Ct. 584 (2023). "To meet this standard, the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (emphasis in original)).

In his request for a certificate of appealability, Petitioner appears to argue that the Court erred in denying his Rule 60(b) motion because he is subject to more onerous sex offender registration requirements in the State of New Mexico. *See* Dkt. # 38 at 2; Dkt. # 35 at 7 (Rule 60(b) Motion). Petitioner cites a case from the Third Circuit in which the court held that federal sex offender registration requirements constituted "custody" for the purposes of 28 U.S.C. § 2254. *Id.*; *Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161, 173 (3d Cir. 2019).

ORDER - 2

But Petitioner already advanced this argument in his first appeal, Dkt. # 30 at 1, and the Ninth Circuit rejected it by denying his certificate of appealability, Dkt. # 33.

Petitioner has not shown any basis upon which the Court's denial of the Rule 60(b) motion may be "debatable." Thus, the Court DECLINES to issue a certificate of appealability.

Dated this 9th day of July, 2024.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 3